226

AMERICAN MACHINE COMPANY, Plaintiff and Respondent, *v.* RAYMOND E. JOHNSON, Defendant and Appellant.

No. 11931.
Submitted March 8, 1971.
Decided April 14, 1971.
Rehearing Denied May 3, 1971.
483 P.2d 921.

L. Lloyd Evans, Libby, Murphy, Robinson, Heckathorn & Phillips, Kalispell, I. James Heckathorn, argued, Kalispell, for appellant.

Fennessy, Crocker & Arness, Libby, Franklin Arness, argued, Libby, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the Eleventh Judicial District, in and for the County of Lincoln. The case was tried by the court sitting without a jury.

Raymond E. Johnson, defendant and appellant, will hereafter be referred to as "Johnson." American Machine Company, plaintiff and respondent, will be referred to as "American."

Johnson was a small logging subcontractor operating as a "skidder" for Burrell Brothers. In the fall of 1967 he contracted with American for a Beloit Skidder. The contract commenced September 26, 1967 and by the terms of the contract Johnson leased the Skidder for a period of 38 months with a termination date of March 30, 1971. The contract is entitled "Equipment Lease" and according to the terms Johnson is referred to as the "lessee" and American the "lessor." Further the contract provides for "rentals" amounting to $23,080 for the period of 38 months. According to the terms and conditions of the contract Johnson was obligated to:

1. Pay all the charges for both the delivery and return of the equipment upon termination or expiration of the lease.

2. Pay all maintenance.

3. To carry insurance against fire and for extended coverage with the lessor picking out the company, and billing the lessee for said payments.

4. Pay all taxes.

5. Title remains in the lessor.

On November 11, 1968, the Beloit Skidder was totally destroyed by fire. The loss was adjusted by the insurance company at a figure of $13,500, said figure having been negotiated between the insurance company and American as the fair market value of the skidder at the time of loss. The insurance company issued the check to American and Johnson as joint payees. Johnson endorsed the check to American who accepted and credited Johnson with that amount to his "lease account." They then determined that as of the date of the fire a total of $19,580 in lease payments would have been collected during the life of the lease had the skidder not been destroyed and had the lease run its full term. Based on this figure of $19,580 American applied the insurance payment of $13,500 and arrived at a "deficiency" of $6,080. They then deducted a "finance refund" charge and found that Johnson owed them $3,907.47 and sued for that amount.

American contends that the contract was regarded by the parties as a sale and purchase; that this can be determined by the fact Johnson was obligated to pay under the contract by adding ordinary finance charges to the purchase price; that the insurance payments were credited to Johnson's account, and finally that the final balance claimed by American was determined by deducting the unearned finance charges from the remaining contract amount.

American further argued that when the case was tried Johnson's only theory was that the payment of the insurance to American discharged his contract obligation, and that on appeal he inserted a new issue for the first time, that of the fact this was a lease. American argues this alleged new theory cannot be introduced for the first time on appeal. However, the complaint itself alleged a lease. A lease was admitted and it is obvious that no new issue is involved.

Johnson contends that the lease was terminated by fire, and that even though he may have been obligated to American for the market value of the Beloit Skidder, such obligation was

extinguished by the payment of the insurance proceeds that had been determined to be the "fair market value of the skidder."

The trial court in its findings of fact found:

"1. That Plaintiff and Defendant executed an equipment lease on September 26, 1967 for one new Beloit Rubber-Tired Skidder, Model 1#M-300, Serial No. 5100.

"2. That said equipment was insured for fire and it was destroyed by fire November 11, 1968.

"3. That after payment for loss by the insurance there was a balance due and owing Plaintiff by Defendant of $3,997.47."

In its conclusions of law the trial court found:

"1. That Plaintiff should have judgment against Defendant in the amount of $3,997.47, together with costs and attorney fees in the amount of $500."

The issue on this appeal is stated by the parties in two different ways. Defendant states it as the extent of the lessee's obligation where the subject of the lease was destroyed. The plaintiff states the issue to be whether a person contracting to pay a stipulated sum for an item of equipment is relieved of his obligation to pay upon the loss of the item by the application of the insurance proceeds towards the payment.

Of course, two different results may flow from the contract under the two opposing theories. Apparently the district court viewed the contract as a "contract of purchase"; however, in finding No. 1 quoted heretofore, the judge found it to be a "lease."

From the very title of the instrument involved it is a "lease." Its terms make it so as previously set forth in this opinion and the arrangement between Johnson and American should have been so considered by the trial court. In view of the fact that the record contains overwhelming evidence that the arrangement between the parties was a "lease" arrangement and not a "contract of sale" we find that the trial court erred in finding for the plaintiff.

 Having found a "lease" rather than a contract of sale, our statutory law controls. Section 42-109, R.C.M.1947, states:

"*When hiring terminates.* The hiring of a thing terminates:

\* \* \* \* \* \*

"4. By the destruction of the thing hired."

We note, too, that the trial court's findings of fact Nos. 1 and 2 are inconsistent with finding of fact No. 3. In addition we note the first two findings are totally inconsistent with the trial court's conclusion of the law.

The trial court erred in not concluding with the statutory law as previously stated.

The judgment of the trial court is reversed with directions to enter judgment for defendant Johnson.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, HASWELL, and CASTLES, concur.